UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY WILSON,

                Plaintiff,

                              CIVIL CASE NO. 05-40361

v.

ACADEMIC FINANCIAL SOLUTIONS, et al.,    HONORABLE PAUL V. GADOLA
                                                        U.S. DISTRICT COURT
                Defendants.
_____/

**ORDER**

Now before the Court is Defendant Graduate Loan Center, L.L.C.'s ("GLC") motion for reconsideration, requesting reconsideration of this Court's September 15, 2006, denial without prejudice of Defendant's motion for summary judgment. After reconsideration, the Court will now dismiss GLC from this cause of action.

**I.    Background**

On April 12, 2006, Defendant GLC filed a motion for summary judgment. Plaintiff subsequently filed a second amended complaint on April 17, 2006, and Defendant then renewed its April 12, 2006 motion for summary judgment as to the new, second amended complaint.

On September 15, 2006, this Court summarily denied Defendant's motion for summary judgment citing this Court's general policy to not adjudicate motions for summary judgment before the close of discovery. *See, e.g., McLaren Performance Technologies, Inc. v. Dana Corp.*, 126 F. Supp. 2d 468, 470 (E.D. Mich. 2000) (Gadola, J.). Now, upon further review, although Defendant's motion repeatedly referred to the motion as one for summary judgment, the Court recognizes that

one portion of Defendant's brief accompanying the motion did provide a citation to Federal Rule of Civil Procedure 12(b)(6). Even in that portion of the brief however, Defendant argued that it was "entitled to *summary judgment* pursuant to Fed. R. Civ. P. Rule 12(b)(6)." Def.'s Br. at p. 9 (emphasis added). Nevertheless, although Defendant mistakenly indicated it was seeking summary judgment, because Defendant invoked Federal Rule of Civil Procedure 12(b)(6), the Court will now examine the merits of that motion pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.     Legal Standard

Rule 12(b)(6) allows a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *See Minger v. Green*, 239 F.3d 793, 797 (6th Cir. 2001) (citations omitted). In applying the standards under Rule 12(b)(6), the Court must presume all well-pleaded factual allegations in the complaint to be true and draw all reasonable inferences from those allegations in favor of the non-moving party. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). The Court will not, however, presume the truthfulness of any legal conclusion, opinion, or deduction, even if it is couched as a factual allegation. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). The Court will not dismiss a cause of action "for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Although the pleading standard is liberal, bald assertions and conclusions of law will not enable a complaint to survive a motion pursuant to Rule 12(b)(6). *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). To determine whether Plaintiff has stated a claim, the Court will examine the complaint and any written instruments that are attached as exhibits to the pleading. Fed. R. Civ. P. 12(b)(6) & 10(c).

**III.	Analysis**

Defendant asserts two arguments in an effort to demonstrate that Plaintiff has failed to state a claim upon which relief can be granted.  First, Defendant argues that Plaintiff has failed to sufficiently allege that Defendant GLC is a "consumer reporting agency" under the Fair Credit Reporting Act ("FCRA").  *See* 15 U.S.C. § 1681b(a); *see generally* 15 U.S.C. § 1681 *et seq*.  Second, Defendant maintains that Plaintiff has not properly alleged  specific intent necessary to support a valid claim under the FCRA.  *See* 15 U.S.C. §§ 1681(n), (o) (imposing liability for any person who "*willfully* fails to comply" with any other provision of the FCRA and for any person who is "*negligent* in failing to comply" with any other provision of the FCRA, respectively) (emphasis added).

> The entirety of the relevant portion of Plaintiff's second amended complaint provides:
>
> Count 1- Violation of the Federal Fair Credit Reporting Act
> 6.	Credit Reporting Agency currently maintains a consumer report on Plaintiff, Anthony Wilson.
> 7.	The above named defendant(s), **including, (on or about 10-28-04), defendant RESIDENTIAL LOAN CENTER** used and/or obtained plaintiff's consumer report from Credit Reporting Agency, in violation of the statutory authority of the **Federal Fair Credit Reporting Act.**
> 8.	Defendant, used and/or obtained plaintiffs consumer report without a permissible statutory purpose and/ or by false and deceptive means.

Pl. Second Amend. Compl., p. 2 (emphasis in original).  Plaintiff seeks "all actual damages in an amount according to proof, additional damages according to the FCRA, . . . punitive damages of $50,000 and all other relief to which the plaintiff may be justly and properly entitled." *Id.*

This Court need not address Defendant's first argument because it finds that Defendant's second argument sufficiently supports dismissal.  Defendant asserts that Plaintiff has failed to plead specific intent.  A review of the complaint finds that it is entirely void of any allegation that any

information about Plaintiff obtained or shared by Defendant GLC was knowingly or negligently obtained in violation of the FCRA.  *See* 15 U.S.C. §§ 1681b(f), 1681(n), (o).  Indeed, even given the most liberal reading,  Plaintiff's complaint consists of nothing more than a partial restatement of the elements of a violation of the FCRA, couched as legal conclusions.  Plaintiff fails to provide the Defendant, or the Court for that matter, with any factual allegations such that he could be entitled to relief.  *See Conley*, 355 U.S. at 45-46.  Accordingly, Defendant is entitled to have the complaint dismissed.   *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987);   *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996).

This Court finds it important to note at this time that Plaintiff has not been denied a chance to amend his insufficient complaint.  Plaintiff originally brought suit against fifteen defendants.  On December 2, 2005, one of the defendants, Residential Loan Center ("RLC"), filed a motion for a more definite statement.  RLC argued that Plaintiff's complaint was "vague and ambiguous" and was "entirely conclusory and contains no supporting facts whatsoever." Def. RLC's Mot. for More Def. Stmt., p. 2 (Dec. 12, 2005).  Magistrate Judge Mona K. Majzoub granted that order and gave Plaintiff ten days to file a second amended complaint to clarify his claim.  *See* Order Granting Motion for More Definite Statement (Apr. 5, 2006).  Plaintiff subsequently filed a second amended complaint, as specifically quoted above.

Although Magistrate Judge Majzoub's order related to Defendant RLC's motion, because Plaintiff's complaint contained only one set of claims against all defendants, that order was certainly sufficient to put Plaintiff on notice that his complaint was deficient under Federal Rule of Civil Procedure 8(a)(2) as to all defendants.  *See* Fed. R. Civ. P. 8(a)(2) (A complaint shall contain a "short and plain statement of the claim showing that the pleader is entitled to relief.").  Despite this

obvious warning, Plaintiff added a mere thirteen words to his complaint, specifically mentioning the "Federal Fair Credit Reporting Act" and "Residential Loan Center" by name.[1] There were no other alterations to the complaint nor were the allegations as to GLC or any other defendant made more specific. Plaintiff clearly failed to heed the warning that his complaint was facially deficient.

Additionally, the Court notes that Plaintiff initially failed to respond to Defendant GLC's April 12, 2006 "Motion for Summary Judgment", even though such response is not optional, but is, instead, required. *See* E.D. Mich. L.R. 7.1(b). Plaintiff not only failed to respond to Defendant's "Motion for Summary Judgment" but also failed to respond to Defendant's separate, May 19, 2006, "Motion for Sanctions." Consequently, on August 23, 2006, this Court issued an Order to Show Cause that required Plaintiff, within fourteen days, to "plainly set forth in writing the reasons why Plaintiff failed to respond" to both of Defendant's motions. *See* Order to Show Cause (Aug. 23, 2006). That motion also warned Plaintiff that failure to adequately respond *to the Order to Show Cause* may lead to entry of summary judgment in favor of Defendant and sanctions against Plaintiff. Again, Plaintiff was put on warning that he was in jeopardy of losing his claim. Nevertheless, following the Order to Show Cause Plaintiff filed a single, untimely, response to both of Defendant's motions and failed to show cause. Plaintiff's response to Defendant's motions consists, in total, of *one and one-half pages* of argument that merely rehashes his alleged claim for relief. His filing does nothing to refute Defendant GLC's argument that Plaintiff has failed to present to this Court a claim upon which he could prevail.

---

[1] The <u>entirety</u> of Plaintiff's changes to the complaint are presented on page three of this Court's order, citing to the second amended complaint. The changes are those words that appear in boldface type.

### IV. Conclusion

Although this Court is imminently aware of the preference that claims should be adjudicated on their merits, *see Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), this Court will not force a defendant to proceed against an illusory claim asserted by a plaintiff. Plaintiff's complaint merely asserts "bald assertions and conclusions of law," insufficient to "enable a complaint to survive a motion pursuant to Rule 12(b)(6)." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). Despite the Magistrate Judge's notice that his complaint was deficient, and despite a warning by this Court that his failure to respond to the order to show cause may result in a judgment against him, Plaintiff failed to take steps to preserve his cause of action. For all the above reasons, Plaintiff's complaint against Defendant Graduate Loan Center, L.L.C. will be dismissed.

**IT IS HEREBY ORDERED** that Defendant Graduate Loan Center, L.L.C.'s motion for reconsideration [docket entry 44] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Graduate Loan Center, L.L.C.'s motion to dismiss [docket entry 25] is **GRANTED**; Defendant Graduate Loan Center is **DISMISSED** from this cause of action.

**SO ORDERED.**

Dated: October 23, 2006                              s/Paul V. Gadola
                                                     HONORABLE PAUL V. GADOLA
                                                     UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   10/24/2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the

6

following:
 Julia Black, Shawn Cioffi, Frederick Elias, Christine Essique, Jennifer Frye, Robert Horwitz  , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:   Anthony Wilson   .

                                              s/Julia L. Mosher
                                              Julia L. Mosher, Case Manager
                                              (810) 341-7845