UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY WILSON

                Plaintiff,

                                  CIVIL CASE NO. 05-40361

v.

ACADEMIC FINANCIAL SOLUTIONS, et al.,    HONORABLE PAUL V. GADOLA
                                                      U.S. DISTRICT COURT
                Defendants.
_____/

## **ORDER**

Now before the Court is Defendant/Counter-Plaintiff Academic Loan Group's ("ALG") motion for default judgment [docket entry 45], filed October 12, 2006. This motion for default judgment follows ALG's April 17, 2006 request for clerk's entry of default, and a April 19, 2006 clerk's entry of default.

*Pro se* plaintiff Anthony Wilson filed this cause of action against fifteen defendants, seeking relief pursuant to the Fair Credit and Reporting Act, 15 U.S.C. § 1681, et seq. Three defendants were dismissed by separate stipulated orders, *see Wilson v. Academic Fin. Solutions*, No. 05-40361 (E.D. Mich. Feb. 16, 2006; Apr. 17, 2006; and June 20, 2006), while eleven others, including Defendant/Counter-Plaintiff Academic Loan Group ("ALG"), were dismissed due to Plaintiff's failure to prosecute. *See Wilson v. Academic Fin. Solutions*, No. 05-40361 (E.D. Mich. Aug, 23, 2006), and the last remaining Defendant was dismissed from this cause of action on October 23, 2006. *See Wilson v. Academic Fin. Solutions*, No. 05-40361 (E.D. Mich. Oct. 23, 2006).

Defendant/Counter-Plaintiff ALG's counter-claim, filed against Plaintiff on December 5, 2005, seeks payment of attorney fees, pursuant to the Fair Credit and Reporting Act provision:

> On a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.
> 15 U.S.C. § 1681o(b)

Plaintiff/Counter-Defendant Wilson has failed to file a response to the counter-claim and has not filed a response to the motion for default judgment. Plaintiff Wilson did, however, file a motion to enlarge the time to respond to the motion for default. Plaintiff Wilson's motion motion claimed the enlargement was necessary because, "Plaintiff has been ill placing him at least three (3) weeks behind schedule [i]n [addition] to managing a full case load." Pl. Br., p. 2 (Oct. 25, 2006). *Pro se* Plaintiff Wilson's motion did not elaborate on the nature of his "full case load." Defendant/Counter-Plaintiff ALG filed a response and maintained that Wilson's arguments for enlargement, namely his illness and his case-load, were suspicious, at best. In particular, Defendant ALG directed this Court to the opinion of Chief Judge Bernard Friedman in *Wilson v. Stockton*, No. 05-74083 (E.D. Mich. Sept. 18, 2006), in which Judge Friedman found that Plaintiff Anthony Wilson had falsified his financial status to the Court on his application to proceed *in forma* pauperis. *Id.* Judge Friedman admonished Plaintiff as a "continually irksome and litigious character," noting that he had filed more than twenty lawsuits, many of which contained no factual support. Judge Friedman also indicated that Plaintiff's actions "served as a clog on our judicial system and are a detriment to the truly impoverished *pro se* litigants with legitimate claims." *Id.* Plaintiff was ultimately sanctioned by Judge Friedman.

The Court, considering the substantial questions raised by Defendant ALG's brief; recognizing that Plaintiff failed to file a response to Defendant's counterclaim for more than ten months; duly noting that Defendant's counter-claim is one that is grounded in a claim of bad-faith

and/or filing for the purpose of harassment, and being duly concerned that Plaintiff may have been less than forthright in his dealings with this Court, found that without further elucidation it could not sufficiently determine whether Plaintiff's request for an enlargement was "a legitimate one or merely a dilatory tactic designed to prevent him from paying attorney fees for a claim that he failed to substantiate." *See Wilson v. Academic Fin. Solutions*, No. 05-40361 (E.D. Mich. Nov. 17, 2006). The Court subsequently ordered Plaintiff to set forth, by way of affidavit, certain information demonstrating that Plaintiff was proceeding in good faith in this Court.

After Plaintiff unsuccessfully sought reconsideration of the Court's November 17, 2006 order, Plaintiff Wilson was ordered to appear on January 12, 2007[1] and ordered to file the now untimely affidavit immediately. Wilson was warned that "Failure to appear and file the affidavit as ordered **WILL** result in the **IMPOSITION** of all **SANCTIONS** this Court finds necessary to remedy the situation." *Wilson v. Academic Fin. Solutions*, No. 05-40361 (E.D. Mich. Dec. 22, 2006) (emphasis in original).

Finally, on January 5, 2007, Plaintiff moved this Court to be allowed to appear at the January 12, 2007 hearing by telephone. Plaintiff indicated he was indigent and had insufficient resources to appear in *Detroit*. He also requested that all future court actions be conducted in Flint, Michigan. On January 5, 2007, the Court denied Plaintiff's motion to appear by telephone and clearly indicated that the scheduled hearing would occur at the Federal Courthouse in Flint, Michigan, as scheduled. Plaintiff failed to appear at the January 12, 2007 hearing without explanation.

**II. Legal Standard**

---

[1]The order inadvertently indicated that the parties were to appear on January 12, 2006. However, Plaintiff's subsequent motion and this Court's subsequent order, each properly recognized that the hearing was set for January 12, 2007.

Federal Rule of Civil Procedure 12 states that "A party served with a pleading stating a cross-claim against that party shall serve an answer thereto within 20 days after being served." Fed. R. Civ. P. 12(a)(2). Fed. R. Civ. P. 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default. "When an application is made to the court under Rule 55(b)(2) for the entry of a judgment by default, the district judge is required to exercise sound judicial discretion in determining whether the judgment should be entered." Wright, Miller & Kane, *Federal Practice and Procedure* § 2685 (1998) (emphasis added) (footnotes omitted). "This element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right." *Id*. Further, "Rule 55(b)(2) empowers the district judge to hold hearings or 'order such references as it deems necessary and proper' to aid its exercise of this discretion." *Id*. at § 2684.

"In determining whether to enter a default judgment, the court is free to consider a number of factors that may appear from the record before it."*Id.* at § 2685. Examples of the factors that some courts have considered include:

> the amount of money potentially involved; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; and whether the grounds for default are clearly established or are in doubt. Furthermore, the court may consider how harsh an effect a default judgment might have; or whether the default was caused by a good-faith mistake or by excusable or inexcusable neglect on the part of the defendant. Plaintiff's actions also may be relevant; if plaintiff has engaged in a course of delay or has sought numerous continuances, the court may determine that a default judgment would not be appropriate. Finally, the court may consider whether it later would be obliged to set aside the default on defendant's motion, since it would be meaningless to enter the judgment as a matter of course if that decision meant that the court immediately would be required to take up the question of whether it should be set aside.

*Id*. (footnotes omitted).

### III. Analysis

Although there is generally a preference for a decision on the merits, *see Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir.1986)*,* when suits are neglected by one party a default judgment may be entirely appropriate. In the instant case, after a consideration of the relevant factors as to whether a default judgment should be granted, *see generally* Wright, Miller & Kane, *Federal Practice and Procedure* § 2685 (1998), the Court finds that those factors weigh overwhelmingly in favor of a default judgment for Defendant/Counter-Plaintiff ALG.

Although Defendant filed the counter-claim on December 5, 2005, Plaintiff/Counter-Defendant never filed a response to this claim. A review of the counter-claim reveals that it was accompanied by a certificate of service that indicates that the claim was served on Plaintiff/Counter-Defendant Wilson by first class mail at his address of record, 4010 Red Arrow Road, Flint, Michigan, 48507. Accordingly, Plaintiff was to file a response no later than December 26, 2005. Fed. R. Civ. P. 6(a), 12(a)(2). Having received no response, Defendant/Counter-Plaintiff filed a request for a clerk's entry of default on April 17, 2006, nearly three months after Plaintiff/Counter-Defendant's response was due.

On October 12, 2006, Defendant/Counter-Plaintiff ALG filed a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b). ALG has indicated, and supported by affidavit, that a sum of $14,165.00 was expended, up to that point in time, to defend this litigation. Accordingly, ALG sought a default judgment on its 15 U.S.C. § 1681o(b) claim. Plaintiff/Counter-Defendant failed to file a response to the counter-claim and the motion for default judgment or

comply the Court's order to provide the affidavit the Court found necessary to assess his veracity and/or bad faith with respect to his motion for enlargement Therefore, without the benefit of a response, the Court now considers the factors meriting a default judgment.

### 1. Prejudice

The Court must first assess whether Defendant/Counter-Plaintiff ALG has been prejudiced by the delay. Clearly, Plaintiff Wilson's deliberate actions have prejudiced ALG. In this matter, ALG was forced to defend a cause of action that Plaintiff, without explanation or a motion for dismissal, ultimately chose not to prosecute. Plaintiff Wilson has repeatedly ignored procedural rules, frustrating the rights of all parties to have a fair, efficient, and timely adjudication of claims presented to this Court. *See* Fed. R. Civ. P. 1. Now, more than one year after the counter-claim was brought, ALG has yet to receive a response to its claim. Not only has a cloud of litigation hung over ALG for more than one year, ALG was forced to spend $14,165.00 to properly respond to Plaintiff's claim. *See* 15 U.S.C. § 1681o(b). There can be no doubt that Defendant/Counter-Plaintiff ALG has been prejudice by the course of action in the instant matter.

### 2. Amount of money involved

The amount of money involved in this counter-claim is not a trivial one with respect to an individual that claims to be indigent. Nevertheless, the award sought in the counter-claim is only that amount that Defendant/Counter-Plaintiff ALG was forced to spend to defend against Plaintiff's ultimately abandoned cause of action. Such relief is plainly not unreasonable and is clearly provided for within the statute. *See* 15 U.S.C. § 1681o(b).

### 3. Nature of Delays and Good Faith Factors

Examining Plaintiff's failure to file a response to ALG's counter-claim, the Court finds that

the failure cannot fairly be characterized as a technical one ore merely an oversight. Plaintiff/Counter-Defendant has repeatedly violated procedural rules, despite allegedly being a licensed attorney, and has ultimately failed to file a response to the year-old counter-claim without justification. Such a failure is not a technical one nor can this Court characterize Wilson's repeated failures as good-faith mistakes.

### 4. Costs and Fees

This Court's December 22, 2006 order unequivocally warned Plaintiff Wilson that "Failure to appear and file the affidavit as ordered **WILL** result in the **IMPOSITION** of all **SANCTIONS** this Court finds necessary to remedy the situation." *Wilson v. Academic Fin. Solutions*, No. 05-40361 (E.D. Mich. Dec. 22, 2006) (emphasis in original). After a full consideration of Plaintiff's history in this cause of action, the Court is left with the firm conviction that Plaintiff brought this suit in bad faith. As such, Plaintiff has not only caused an undue waste of judicial resources, he has forced Defendant ALG to expend considerable financial resources beyond the sum claimed in the counter-claim. The Court finds that Defendant ALG deserves to be made whole in this respect.

At the January 12, 2007 hearing, counsel for Defendant/Counter-Plaintiff ALG attested that ALG was forced to spend $4924.00, in addition to the sum asserted in the counter-claim, to further defend this cause of action and secure a default judgment. Accordingly, after considering Defendant/Counter-Plaintiff ALG's counter-complaint, request for a clerk's entry of default, and motion for default judgment, Plaintiff Anthony Wilson's repeated failure to respond to this Court's orders and Plaintiff Wilson's failure to appear to defend the motion for default judgment, in violation of more than one order of this Court, the Court will award Defendant/Counter-Plaintiff ALG costs and fees in the amount of $4924.00. This amount is in addition to the amount awarded

in the default judgment.

### IV.  Conclusion.

After a full review of Defendant/Counter-Plaintiff's motion for default judgment, the Court can only be left with the conviction that Plaintiff either had no intention of defending the counter-claim or was legally unable to do so. Under either scenario, given the egregious nature of Plaintiff Wilson's delays, failures, and efforts to frustrate the efficient administration of justice, the Court finds that Defendant/Counter-Plaintiff ALG is properly entitled to a default judgment award pursuant to 15 U.S.C. § 1681o(b) in addition to the costs and fees that were additionally incurred in this cause of action.

Accordingly, **IT IS HEREBY ORDERED** that Defendant/Counter-Plaintiff Academic Loan Group's motion for **DEFAULT JUDGMENT** [docket entry 45] is **GRANTED.**

**IT IS FURTHER ORDERED** that costs and fees, in the amount of **$4924.00** are **AWARDED** to Defendant/Counter-Plaintiff Academic Loan Group and shall be **PAID** by Plaintiff/Counter-Defendant Anthony Wilson.

**SO ORDERED.**

Dated:  January 29, 2007           s/Paul V. Gadola
                                   HONORABLE PAUL V. GADOLA
                                   UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   January 29, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

  Julia L. Black; Shawn R. Cioffi; Frederick D. Elias; Christine R. Essique; Jennifer L. Frye; Robert M. Horwitz                                                           , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:        Anthony Wilson                              .

                                                 s/Ruth A. Brissaud
                                                 Ruth A. Brissaud, Case Manager
                                                 (810) 341-7845